IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MICHALESKO, | : | Case No.:4:04cv2479 |
| | : | |
| Plaintiff | : | |
| v | : | Judge Jones |
| | : | |
| OFFICE MAX, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

January 24, 2006

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is a Motion for Summary Judgment ("the Motion") (doc. 21) filed by Defendant Office Max ("Defendant" or "Office Max") on November 3, 2005.  For the reasons that follow, the Motion will be denied.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY:

This action arises out of a slip and fall accident that occurred on December 4, 2002 when Plaintiff James Michalesko ("Plaintiff" or "Michalesko") fell while loading a trailer at the Office Max Distribution Center in Hazleton, Pennsylvania. On or about October 13, 2004, Plaintiff filed an action in the Court of Common Pleas of Luzerne County, Pennsylvania alleging personal injuries and damages as a result of the December 4, 2002 slip and fall incident.  This matter was removed to

1

the United States District Court for the Middle District of Pennsylvania on November 12, 2004.

In the complaint, Plaintiff asserts that on or about December 4, 2002, he was employed by APS Group, LLC ("APS") a temporary service that places individuals in temporary job positions. Plaintiff was placed by APS to work at the Office Max Distribution Center in Hazleton, Pennsylvania, loading trucks. Plaintiff asserts that his Office Max supervisor instructed him to use oil-dry on an icy area after he informed Office Max about this condition. As the Distribution Center did not have a sufficient quantity of oil-dry, Plaintiff placed what he had on the trailer. While removing a pallet, Plaintiff was allegedly caused to slip and fall, landing on his back.

Following the December 4, 2002 accident, Plaintiff submitted claim petitions for worker's compensation benefits against both APS and Office Max. On February 5, 2004, the parties to Plaintiff's worker's compensation petitions stipulated that APS, and not Office Max, was the proper employer. (Rec. Doc. 27, Ex. A). The stipulation dismissed Office Max from the case. Judge Sebastianelli, relying upon said stipulation, ordered APS, not Office Max, to provide Plaintiff with worker's compensation benefits.

On October 13, 2004, Plaintiff instituted suit against Office Max and Werner

Enterprises, Inc. ("Defendant" or "Werner Enterprises") and alleged personal injuries and damages, including but not limited to cervical and lumbar herniations and related past and future wage loss, as a result of the accident.

On November 3, 2005, Office Max filed the instant Motion to which Defendant Werner Enterprises filed a brief in opposition. Office Max then filed a reply brief to Werner Enterprises' submission. We are in receipt of no submission from Plaintiff. The Motion is accordingly ripe for disposition.

## STANDARD OF REVIEW:

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED .R. CIV. P.  56(c)); see also Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). The party moving for summary judgment bears the burden of showing "there is no genuine issue for trial." Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992). Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences which a fact finder could draw from them. Peterson v. Lehigh Valley Dist. Council, 676 F.2d 81, 84 (3d Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323

(1986).  This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial.  Id. at 325.

Federal Rule of Civil Procedure 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial.  FED. R. CIV. P. 56(e).  The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor.  Celotex Corp., 477 U.S. at 322-23.

It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact."  Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir. 1994) (citation omitted).  However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of *some* alleged factual dispute between the parties

will not defeat an otherwise properly supported motion for summary judgment; the

requirement is that there be no *genuine* issue of *material* fact."  Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original).  "As to

materiality, the substantive law will identify which facts are material."  Id. at 248.

A dispute is considered to be genuine only if "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party."  Id.

**DISCUSSION:**

In the Motion, Office Max argues that it is immune from suit because it was

Plaintiff's "statutory employer" under the Pennsylvania Workmen's Compensation

Act ("the Act"), 77 P.S. § 1 *et seq*.  Office Max asserts that the Act is the exclusive

remedy for Plaintiff concerning the December 4, 2002 accident.  Office Max

contends that pursuant to the Borrowed Servant Doctrine, Plaintiff is the

"borrowed servant" of Office Max for purposes of the Act.  Second, Office Max

maintains that the Act bars Defendant Werner Enterprises' cross-claims against

Office Max as liability under the Act is exclusive.

In response, Werner Enterprises asserts that Office Max is collaterally

estopped from asserting that it was Plaintiff's employer on the date of the accident.

"This is the *same* accident which was the subject of previous litigation pursuant to

the Worker's Compensation Act.  Under Pennsylvania law, Office Max is

collaterally estopped from relitigating the same factual and legal issues which were previously adjudicated by a worker's compensation judge." (Def. Werner's Br. Opp. Def. Office Max's Mot. Summ. J. at 3) (emphasis in original).  Werner Enterprises argues that as Office Max stipulated that it was not Plaintiff's employer before the worker's compensation judge and therefore avoided responsibility for payment of worker's compensation benefits, it may not now assert that it was Plaintiff's employer so that it may now avoid responsibility as a third party tortfeasor for Plaintiff's alleged injuries.  Alternatively, Werner Enterprises contends that there is a genuine issue of fact as to whether APS or Office Max was Plaintiff's employer on the date of the accident.

We find it notable that two documents recently filed with the Court make direct reference to the fact that discovery in the case sub judice is ongoing and that depositions of former Office Max and Werner Enterprise employees have yet to occur.  First, on November 14, 2005, all parties filed a Joint Motion to Continue Trial (doc. 25) in which they indicated that Defendants recently learned on or around July 2005 that Plaintiff had surgery to his cervical spine.  In addition, on or about November 8, 2005, Defendants were advised that Plaintiff was to have surgery to his lumbar spine in late November 2005, which Plaintiff contends is related to the December 2002 accident.  Moreover, the parties stated that although

several depositions have taken place, due to scheduling conflicts, the depositions of

former Office Max employees and Werner Enterprises employees have yet to

occur.  "The parties have worked diligently and cooperatively in an attempt to

complete discovery.  However, given the upcoming lumbar surgery of the plaintiff,

as well as the additional discovery that may result and the outstanding depositions,

the parties respectfully request that the trial of this matter be continued."  (Rec.

Doc. 25 at ¶¶ 9-10).  The parties agreed to continue the trial to June 2006, which

we granted as per our November 16, 2005 Order, based at least in part upon the

parties' explanation that a continuance would permit Plaintiff to recover from

surgery and allow all parties to fully assess Plaintiff's medical condition and its

affect upon his daily activities.  Id. at 3.  The second reference to the status of

ongoing discovery in this case appears in Defendant Werner Enterprises'

submissions in opposition to Office Max's Motion.  Werner Enterprises

specifically indicates the following: "It should be noted that discovery in the

present matter is ongoing.  In fact, the deposition of Jerry Sipel, an Office Max

supervisor present at the time of the accident, has yet to be taken."

     Federal Rule 56(f) provides, as follows:

> Should it appear from the affidavits of a party opposing the motion
> that the party cannot for reasons stated present by affidavit facts
> essential to justify the party's opposition, the court may refuse the
> application for judgment or may order a continuance to permit

> affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f).  As the Supreme Court instructed in <u>Celotex Corp.</u>, any potential problems with a premature summary judgment motion can be adequately dealt with under Federal Rule 56(f), which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery.  477 U.S. at 326.

Although Defendant Werner Enterprises has not submitted an affidavit pursuant to Federal Rule 56(f) specifically requesting further discovery in response to Office Max's Motion, we find that Werner Enterprises' two specific references to the fact that discovery is ongoing and that depositions of Jerry Sipel, the Office Max supervisor present at the time of the December 4, 2002 accident at issue in this case have not yet been taken, demonstrate that Office Max's Motion is premature.  <u>See</u> <u>Tucker v. Merck & Co.</u>, 102 Fed. Appx. 247, 256-57 (3d Cir. 2004).  Moreover, as previously noted, the Joint Motion to Continue Trial filed by all parties indicates that additional depositions of former Defendant employees need to be taken and that additional discovery may result from Plaintiff's recent lumbar surgery he contends is related to the December 2002 accident.  Our November 16, 2005 Order granting said Joint Motion to Continue Trial continued the trial term to June 2006, which permits the continuance of discovery until

February 17, 2006 and moved the dispositive motion deadline to March 1, 2006.
(Rec. Doc. 26).

Accordingly, pursuant to Federal Rule 56(f), we will deny Defendant Office Max's Motion as prematurely filed.  We find that outstanding discovery is appropriate and necessary to conduct prior to our resolution of a summary judgment motion in this case.  Office Max is free to reassert a summary judgment motion after discovery has been conducted in the case <u>sub judice</u>.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.     The Motion for Summary Judgment (doc. 21) filed by Office Max is DENIED pursuant to Federal Rule 56(f).

2.     Office Max is free to reassert a summary judgment motion after discovery has been conducted in this case.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge