IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MICHALESKO, | : | |
| | : | |
| Plaintiff, | : | No. 4:04-CV-2479 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| OFFICE MAX and WERNER ENTERPRISES, INC., | : : | |
| | : | |
| Defendants. | : | |

**ORDER**

**December 22, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is a Motion in Limine to Preclude Evidence of Subsequent Remedial Measures at Trial ("Motion"), filed by Defendant Werner Enterprises, Inc. ("Defendant" or "Werner"), on November 17, 2006. (Rec. Doc. 106). For the reasons that follow, the Motion will be granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY:**

The factual background and procedural history of this case is well known to the parties. The following brief recitation of that history is sufficient for the purpose of reviewing the pending Motion.

This case arises from an accident that allegedly occurred on December 4,

2002, at the Office Max, Inc. Distribution Facility ("Office Max facility") located in Hazleton, Pennsylvania. (Rec. Docs. 106, ¶ 1; 110, ¶ 1; 112, ¶ 1). At the above date and place, Plaintiff James Michalesko ("Plaintiff" or "Michalesko"), an employee of APS Group, LLC ("APS"), was loading a trailer when he allegedly slipped and fell on ice located on the floor of the trailer. (Rec. Docs. 106, ¶ 2; 110, ¶ 2; 112, ¶ 2). In the Complaint, Plaintiff alleged that Defendants Werner and Office Max knew or should have known of the icy condition on the trailer floor and failed to take measures to correct the icy condition. (Rec. Docs. 106, ¶ 3; 110, ¶ 3; 112, ¶ 3).

  Werner has correctly anticipated that Plaintiff seeks to introduce the testimony of Brentan Lavelle ("Lavelle"), the current on-site manager for Werner at the Office Max facility. (Rec. Docs. 106, ¶ 4; 110, ¶ 4; 112, ¶ 4). Lavelle began working for Werner in 2004. (Rec. Docs. 106, ¶ 5; 110, ¶ 5; 112, ¶ 5). Lavelle had no knowledge of the protocol in existence at the Office Max facility in December 2002. (Rec. Docs. 106, ¶ 6; 110, ¶ 6; 112, ¶ 6). At deposition, Lavelle testified that Werner's current policy requires the doors to trailers in the Office Max facility yard to remain closed while parked in the yard. (Rec. Docs. 106, ¶ 7; 110, ¶ 7; 112, ¶ 7). Lavelle instituted this policy in conjunction with Office Max in or around 2004, well after December 4, 2002. (Rec. Docs. 106, ¶ 8; 110, ¶ 8; 112, ¶

8).

On November 17, 2006, Werner filed the instant Motion, which has been fully briefed by the parties, and is, therefore, ripe for disposition.

**DISCUSSION:**

Werner moves this Court to enter an Order precluding Plaintiff from introducing evidence of any subsequent remedial measures that Werner implemented following Plaintiff's fall. (Rec. Doc. 106). Werner is specifically concerned that Plaintiff will seek to introduce evidence about Werner's current policy, which requires the closing of doors to trailers parked in the yard of the Office Max facility and was instituted by Lavelle. (Rec. Doc. 106 at 1-2).

Werner argues that such evidence is barred for several reasons. First, Werner argues that such evidence is inadmissible under Rule 407 of the Federal Rules of Evidence because it generally prohibits the admission of subsequent remedial measures and none of its exceptions apply here. (Rec. Doc. 107 at 2-4). Second, Werner argues that such evidence is irrelevant under Rule 401. (Rec. Doc. 107 at 4-5). Finally, Werner argues that even if such evidence were deemed relevant under Rule 401, it is still inadmissible under Rule 403 because its "'probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" (Rec. Doc. 107 at 5-6 (quoting

3

FED. R. EV. 403)).

Plaintiff counters each of Werner's arguments. First, Plaintiff argues that evidence about Werner's current policy is admissible under Rule 407 because it is being offered for a purpose other than proving negligence or culpable conduct. (Rec. Doc. 111-1 at 2). Specifically, Plaintiff argues that Werner's current policy is admissible to show the feasibility of such measures and/or that Werner controlled the trailers in the yard of the Office Max facility.[1] (Rec. Doc. 111-1 at 2). Second, Plaintiff argues that evidence of Werner's current policy is relevant under Rule 401 because Werner has denied having a duty to keep such trailer doors closed. (Rec. Doc. 111-1 at 2). Finally, Plaintiff argues that any prejudice that Defendants may suffer by the admission of such evidence can be countered by instructing the jury as to the limited purpose(s) for which it can consider the evidence. (Rec. Doc. 111-1 at 2-3).

As the parties indicated, Rule 407 is integral to our disposition of this matter. Rule 407 provides:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less

---

[1] Plaintiff's only proffered "other purpose" appears to be to prove Werner's control over the trailers in the yard of the Office Max facility. (Rec. Doc. 111-1 at 2). However, in the interests of caution, we will assume, as Werner did (doc. 115 at 4), that Plaintiff has also argued that the evidence at issue here is admissible to show the feasibility of the subsequent remedial measures.

> likely to occur, evidence of the subsequent measures is <u>not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction</u>. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

FED. R. EV. 407 (emphasis added). Our consideration of the Rule's application is guided by the "more impressive" of the two public policy grounds underlying it: "encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." FED. R. EV. 407 advisory committee's note. Indeed, the Court of Appeals for the Third Circuit has recognized that "courts 'routinely exclude evidence of [subsequent remedial measures] to encourage people to take such measures whether or not they are at fault.'" Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408, 415 (3d Cir. 2002) (quoting Petree v. Victor Fluid Power, Inc., 831 F.2d 1191, 1198 (3d Cir. 1987)).

In addition, we are cognizant that for evidence of subsequent remedial measures to be admitted for "another purpose," "the evidence must be probative of a permissible purpose that that [sic] is actually in controversy." FED. R. EV. 407 advisory committee's note. See also Knight v. Otis Elevator Co., 596 F.2d 84, 91 (3d Cir. 1979) (noting "Rule 407 requires that the feasibility of precautionary measures be controverted."); Hull v. Chevron U.S.A., Inc., 812 F.2d 584, 587 (10th Cir. 1987) (noting that trial court correctly excluded evidence because control of

the forklift was not controverted). Thus, "[c]ircumscribing these 'other purposes' is relevance and probativeness."² Id.

After thorough consideration of the parties' arguments as to Rule 407's application here, we hold that evidence of Werner's current policy requiring that the doors of the trailers in the yard of the Office Max facility be closed, which was instituted in 2004, after Plaintiff's December 4, 2002 fall (docs. 106, ¶ 8; 110, ¶ 8; 112, ¶ 8), is inadmissible at trial. We so hold because under Rule 407, such evidence is not admissible to prove negligence and does not fall within the exception that such evidence is admissible when offered for another purpose.

Evidence of Werner's current policy does not fall within the "other purpose" exception in Rule 407 because neither of Plaintiff's proffered purposes are controverted.³ First, Plaintiff's argument that such evidence is admissible to show that Werner controlled the trailers in the yard of the Office Max facility fails because Defendants have explicitly admitted that "there is no issue that Werner Enterprises, Inc. controlled the trailers that were located in the yard of the Office Max facility." (Rec. Doc. 115 at 4). Second, Plaintiff's argument that such

---

² Accordingly, although we only briefly address parties' arguments pursuant to Rules 401 and 403 because of our conclusions as to Rule 407's application here, we appreciate them.

³ As the feasibility of closing the trailer doors and Werner's control of the trailers are not controverted, evidence of Werner's current policy is irrelevant under Rule 401. Thus, no Rule 403 weighing of its probative value versus its prejudicial effect is required.

evidence is admissible to show that closing the trailer doors was feasible also fails because, not surprisingly, Defendants admit that "there was no issue of the feasibility of closing the trailer doors in the yard." (Rec. Doc. 115 at 4).

     Further, we find unavailing, for several reasons, Plaintiff's argument that because "Werner has denied having any duty to keep the doors closed so as not to allow moisture to accumulate and freeze on the trailer beds," (doc. 111-1) Werner has contested control of the trailers or their doors. First, Plaintiff is conflating a legal issue, Werner's denial of a duty, with a factual issue, control over the trailers. The two are simply separate issues, and Werner's simultaneous concession that it had control of the trailers and denial of a duty to Plaintiff are not inconsistent. Second, Plaintiff has offered no authority in support of its argument that contesting of an element of a tort is grounds for admitting otherwise inadmissible subsequent remedial measures. Third, as Werner correctly notes, there is actually authority to the contrary. See <u>Wusinich v. Aeroquip Corp.</u>, 843 F. Supp. 959 (E.D. Pa. 1994). Although we recognize we are not bound by such authority and that <u>Wusinich</u> involves a strict liability, rather than negligence, claim, we nevertheless find our colleague's conclusion that "[t]o permit Plaintiffs to proffer evidence of subsequent remedial measures in order to prove an element of the tort because such element was controverted by Defendants would, in essence, permit the exception to

swallow the rule." Id. (citing Kelly v. Crown Equip. Co., 970 F.2d 1273, 1278 (3d Cir. 1992)).

We are left to conclude that the only proposition for which evidence of Werner's current policy could possibly stand, if admitted, would be that Werner was negligent in not instituting the policy prior to Plaintiff's fall. Indeed, Plaintiff states as much in the brief opposing the Motion:

> Lavelle will testify that the current policy at the Office Max facility is to keep the doors of the trailers closed while they are being stored in the yard prior to being loaded <u>because it made sense to do so</u>. It is the Plaintiff's position that allowing the doors to be open permitted rain or snow to accumulate and freeze thereby creating a dangerous condition that led to the Plaintiff's slip and fall on frozen ice in the trailer's bed.

(Rec. Doc. 111-1 (emphasis added)). Rule 407 simply does not allow admission of subsequent remedial measures evidence to show that such measures "made sense" as it would necessarily imply that the absence of such measures did not.

Accordingly, we will grant Werner's Motion in Limine to Preclude Evidence of Subsequent Remedial Measures at Trial. (Rec. Doc. 106).

**NOW, THEREFORE, IT IS ORDERED THAT:**

    1.    Werner's Motion in Limine to Preclude Evidence of Subsequent

Remedial Measures at Trial (doc. 106) is hereby **GRANTED**.

s/ John E. Jones III
John E. Jones III
United States District Judge
